OPINION OF THE COURT
Anthony J. Fiorella, Jr., J.
Petitioner moves by notice of motion to restore the instant proceeding to the court calendar for an entry of final judgment in favor of the landlord for $2,402.16 representing penalties of $1,824 for failure to recertify for December 1991 through August 1992. Motion is denied.
A review of relevant case law regulations and statutes discloses no precedent in this particular issue of imposing *186 penalties for failing to recertify at the required time based on HUD’s past practices.
HUD regulations clearly provide for a financial subsidization to those tenants who recertify on a yearly basis. This HUD subsidization grant is generally dependent on household income. A HUD recipient generally understands that in order to maintain this HUD grant yearly certification is required. The amount of the grant may vary from year to year depending on household income.
In the case at bar, petitioner pursuant to HUD regulations, is seeking to recover certification penalties from the respondent for failing to timely recertify. Petitioner contends that respondent had previously been notified on five separate occasions to complete recertification by a certain date or be subject to penalties pursuant to said HUD regulations and the testimony taken here conclusively shows that petitioner completely discharged its duty to notify respondent of her duty to recertify.
Respondent contends that due to personal family problems, she was unable to complete recertification till August 1992. In fact, in open court, she finally executed her 1991 and 1992 leases.
ANALYSIS
It is clear from a review of the HUD regulations that a system of checks and balances was established as a condition precedent to each grant so that such financial grants or assistance would be properly assigned to low and moderate income families who are in need of financial assistance. Providing such assistance affords families the opportunity to reside in decent and habitable residences at the risk of becoming homeless which would certainly lend to a further deterioration of the family. Many programs in existence today provide stable and cohesive means by which less fortunate families can reside as a family while receiving rent subsidies according to their family income.
A further review of the guidelines fails to disclose underlying criteria for which such penalties should be imposed. HUD regulations simply provide that where the individual tenant fails to comply with recertification, the landlord may seek penalties for noncompliance. While this court concludes that sound reason exists for compliance with this contingency, the rules fail to set forth or describe any criteria by which *187 noncompliance may be excused. In fact, HUD’s past practice, in effect under these same regulations, was to allow waiver of the failure to recertify charges. To seek policy enforcement without consideration to any extenuating circumstances is lacking in reason and common sense. Petitioner would have this court conclude that a tenant’s failure to comply with the recertification process automatically requires the institution and recovery of penalties. In this regard, the court is not persuaded to award certification penalties which would clearly impose a further financial burden on a struggling family and ultimately might lead to an involuntary forfeiture of this tenancy and financial grant. This is particularly so because HUD has not issued new written regulations in this regard. Had HUD done so, this court’s decision might be otherwise.
Absent fraud, collusion or overreaching, the court is not inclined to grant an award of penalties for failure to timely certify. Were this court to grant petitioner’s relief the end result is the probable forfeiture of this financial assistance since respondent is financially unable to incur the additional penalties.
Generally, courts abhor the loss of long-standing tenancies, especially where tenants are utilizing whatever means possible to retain their homes in such austere economic times. Imposition of such penalties would amount to a punishment which the court eschews where possible.
Based upon the foregoing discussion, petitioner’s motion for an award of certification of penalties pursuant to HUD regulations in the sum of $1,824 through August 1992 is denied.